UNITED STATES of America

v.

**Joseph V. BEALL.**

**Crim. No. Y–83–00395.**

United States District Court,
D. Maryland.

March 14, 1984.

MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The defendant in this criminal action filed a motion to dismiss certain portions of the indictment for pre-indictment delay and due process violations. After a hearing, this Court denied the motion.

Prior to November 27, 1981, defendant Joseph Beall had been under federal grand jury investigation for possible violations of Title 21 and 26. On that date, Howard County police arrested him while he was driving a truck containing approximately 3,600 pounds of marijuana. Police later discovered a U-Haul truck leased to Beall containing 2,300 additional pounds of mari-

juana. Shortly after November 27, 1981, the federal prosecutor, Assistant United States Attorney Steven Allen, learned about the arrest over the radio. He subsequently contacted a Drug Enforcement Agency's Agent to learn more about Beall's arrest.

The state prosecuted Beall and after at least one hearing on a motion to suppress, the defendant negotiated a plea for disposition under Article 27 Maryland Code, Section 292(b), probation before judgment. At a meeting on April 6, 1983, with Beall and his attorney concerning the federal prosecution, Allen learned about the agreement and indicated to Beall's attorney that he thought its terms were totally inappropriate for the offense. Soon thereafter, at another meeting concerning prosecution of other individuals, Allen learned about the motion to suppress from Assistant States Attorney for Howard County Michael Rexroad. Allen requested a copy of the suppression hearing transcript.

On May 3, 1982, Beall plead guilty to possession with intent to distribute marijuana in state court. On September 24, 1982, he was sentenced to a three year suspended sentence and placed on three year probation. Thereafter, Beall appealed to the Maryland Court of Special Appeals to have his guilty plea vacated on the grounds that the terms of the plea agreement had been violated. In an unpublished per curiam opinion, the appeals court reversed the judgment of conviction and remanded the case for trial absent a new plea agreement.

On September 14, 1983, after having begun to prepare his "Petite" request[1] to include the evidence seized on November 27, 1981, Allen learned for the first time that Beall's state conviction had been reversed. Two days later, he telephoned Rexroad to ask what the state intended to do. Rexroad advised that a suppression hearing was to go forward on September 19 and that a new trial would follow at a

later date. Allen then asked whether the state would forgo its prosecution of Beall on the approximately 6,000 pounds of marijuana and defer that prosecution to the federal government. Rexroad stated that this might be a possibility but that he would have to speak with the States Attorney. On September 19, 1983, Allen spoke with William Hymes, States Attorney for Howard County. Hymes agreed to the transfer because a transfer would consolidate the actions against Beall as well as give his office more time to handle other prosecutions. Rexroad dismissed the case in state court that same day.

The defendant seeks to dismiss those portions of the federal indictment, count six relating to intent to distribute 1,000 pounds of marijuana and overt act ten relating to possession of 6,000 pounds of marijuana which were a part of the state proceeding. Beall claims that the federal government has been aware of his state prosecution since inception and asserts that the case was transferred to the federal government only after the state had handled its prosecution poorly, that the transfer was purely tactical, and that it had prejudiced him. He claims prejudice in that two of his witnesses have died, the state had destroyed evidence by recarpeting the truck in which the marijuana was seized, and he has been put through a series of repetitive prosecutions. It is his position that the delay in bringing the federal prosecution has violated his due process rights.

The government claims that the delay in prosecution resulted merely from its continuing investigation of Beall during 1982 and 1983 and asserts that it always intended to include the November, 1981 seizure in its indictment. It is the government's position that defendant has failed to make a showing of due process violations.

■ To challenge pre-indictment delay on due process grounds, the accused must demonstrate actual prejudice and not mere-

---

**1.** The Justice Department's Petite Policy requires the Department's prior authorization when the United States Attorney seeks to in-

clude state charges in a pending federal prosecution.

ly "the real possibility of prejudice inherent in any delay." *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Marion,* 404 U.S. 307, 326, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971). However, a claim of actual prejudice alone is insufficient. Rather a court must also look at the reason for the delay and whether such delay "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define the community's sense of fair play and decency." *Id.* 431 U.S. at 791, 97 S.Ct. at 2049 (citations omitted); *see also United States v. MacDonald,* 688 F.2d 224 (4th Cir.1982). In *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971), the Court stated that prejudicial delay undertaken by the government to gain tactical advantage over the accused would constitute a violation of due process. Similarly, in *United States v. Alderman,* 423 F.Supp. 847 (D.Md.1976), this Court stated that an indictment could be dismissed "under compelling factual circumstances ... on the single ground of intentional prosecutorial delay." More recently, in *Lovasco,* the Supreme Court noted that investigative delay is very different from tactical delay. It found a prosecutor's refusal to seek indictment until he is completely satisfied that he should prosecute and that he will be able to establish guilt beyond a reasonable doubt entirely consistent with due process. 431 U.S. at 795, 97 S.Ct. at 2051. The Court indicated that "the primary guarantee against bringing overly stale criminal charges" rests in "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay." *Id.* at 789, 97 S.Ct. at 2048.

■ Under these standards, the defendant's motion to dismiss for pre-indictment delay and due process violations must be denied. The defendant has made no showing of actual prejudice. He asserts that two witnesses have died, however he has failed to demonstrate that those witnesses' testimony would in fact have been exculpatory. *See United States v. McGough,* 510 F.2d 598, 604 (5th Cir.1975) (defendant claimed six witnesses had died during the delay, but the court found the district court had erred when it "merely accepted McGough's speculative and disputed allegations of prejudice and labeled them actual prejudice"). Moreover, as this Court has discussed in its opinion concerning defendant's motion to dismiss for destruction of evidence, it does not find that the recarpeting of the truck has seriously hampered defendant's presentation of his case. The fact that defendant suffered repetitive prosecutions is partially a consequence of his own legal maneuverings. The federal government did not participate in Beall's decision to take his appeal or in the Court of Special Appeals' decision to reverse and remand the case for trial. *See United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1981) (delay between civil indictment and trial primarily caused by defendant's own legal maneuverings).

Defendant has also failed to show that the delay in this case violates "fundamental conceptions of justice." In defendant's motion he concedes that the period of delay "at least in connection with most of the counts of the indictment was purely caused by the government's attempt to collect evidence and substantiate the charges against the defendant." Defendant's motion to dismiss for pre-indictment delay at 2. Defendant asserts that with regard to count six and overt act ten which concern the evidence seized on November 27, 1981, the federal government's delay in bringing charges was tactical and charges that because of "numerous problems" confronting the state in obtaining a favorable ruling on the motions to dismiss, the case was transferred to give the federal government a tactical advantage. However, under the facts of this case, this Court finds any tactical advantage to be minimal at best when there was *never* a ruling on the motion to suppress in the state proceedings. *Compare United States v. Mejias,* 552 F.2d 435 (2d Cir.1977) (federal prosecution considered proper after dismissal of the defendant's state charges following suppression of important evidence). More-

over, the federal prosecutor indicated that he had always intended to include the evidence seized in 1981 as part of the federal indictment and he was in the process of preparing his "Petite" request to the Department of Justice when he learned that Beall's conviction had been reversed in the state court.

This Court concludes that any federal delay in charging Beall resulted not from intentional action on the part of the federal prosecutor but from the government's continuing investigation of Joseph Beall. Statute of limitations provisions adequately protect Beall from overly stale criminal charges. He has made no showing that the government has overstepped its bounds and violated his due process rights.